THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MARY MICHELLE ZIRNIS,** | ) |
| Plaintiff, | ) ) ) |
| v. | Case No. 5:18-cv-01673-AKK ) ) |
| **HUNTSVILLE CITY BOARD OF EDUCATION,** | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

The court has for consideration the Defendant Huntsville City Board of Education's Motion for Leave to Amend the Pleadings, doc. 12. This case arises from a dispute over the Board's termination of Mary Michelle Zirnis' employment. Zirnis alleges that the Board discharged her in retaliation for protected activity under the False Claims Act (FCA), 31 U.S.C. § 3730(h), and because of her disabilities and in retaliation for requesting reasonable accommodations under § 504 of the Rehabilitation Act, 29 U.S.C. § 791 *et seq*. Doc. 1. The court has for consideration the Board's motion to amend its Answer to allow it, in part, to assert counterclaims. The Board has filed the proposed amendment with just four months left in discovery. Docs. 12-1; 9 at 1. The Board's proposed amendments revise some of the responses and affirmative defenses in its Answer and assert three state

1

law counterclaims against Zirnis for violations of Alabama Code § 6-5-4(a), fraudulent misrepresentation, and fraudulent suppression. Doc. 12-1. Zirnis partially opposes the motion, solely as to the addition of the counterclaims. Doc. 13 at 1. For the reasons explained below, the motion is due to be granted.

Under Federal Rule of Civil Procedure 15(a)(2), once the time has run to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The court is instructed to "freely give leave when justice so requires." *Id.* However, "[t]he decision whether to grant leave to amend is committed to the sound discretion of the trial court." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989). "[A] motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the [nonmoving party], and futility of the amendment." *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

Zirnis offers two reasons in opposition to the addition of the counterclaims: (1) that the proposed counterclaims are compulsory—which the Board does not dispute, *see* doc. 14 at 2, 5—and that the Board's motion is therefore precluded by Federal Rule of Civil Procedure 13. Doc. 13 at 3-4; and, alternatively, (2) that the Board unduly delayed in raising its counterclaims, and that doing so now is unduly prejudicial, doc. 13 at 6-7.

As stated previously, the Board does not dispute that its counterclaims are compulsory under Rule 13(a).[1] Therefore, the court turns to Zirnis' secondary contention that Rule 13(a) precludes the Board from asserting its counterclaims now because, under the Rule, a party "must state" any compulsory counterclaim it has "at the time" it serves its answer, if it knew the grounds for the counterclaim at that time. Fed. R. Civ. P. 13(a); *see* doc. 13 at 5-6. It is undisputed that the Board knew the basis for its counterclaims at the time it filed its answer. *See* doc. 13 at 6; 14 at 4. However, "[a]n amendment to add a counterclaim [is] governed by Rule 15[,]" not Rule 13. Fed. R. Civ. P. 13, Advisory Committee Notes, 2009 Amendments; *see Univalor Tr. SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 380 (S.D. Ala. 2016) (noting that a party that omits a compulsory counterclaim from its answer is "not necessarily" precluded from subsequently asserting it in the same litigation).[2] Thus, the court must consider whether, under Rule 15(a)(2), "justice . . . requires" granting the Board leave to amend its Answer.

---

[1] Rule 13(a) states, in part:
"(1) *In General*. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
    (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ."

[2] Prior to the 2009 Amendments, Federal Rule of Civil Procedure 13(f) governed whether "the court may permit a party to amend a pleading to add a counterclaim[.]" Fed. R. Civ. P. 13, Advisory Committee Notes, 2009 Amendments (abrogating Rule 13(f)). However, Rule 13(f) was "administered . . . according to the same standard [in Rule 15(a)(2)] directing that leave should be freely given when justice so requires." *Id*; *see, e.g., Vulcan Mktg., Inc. v. Tech. Consumer Prod., Inc.*, 614 F. Supp. 2d 1253, 1256 (N.D. Ala. 2009) (considering whether "justice require[d]" granting leave to add untimely compulsory counterclaims under Rule 13(f)).

In that respect, as for Zirnis' first contention regarding undue delay, notably, the Board filed the present motion before the court's deadline for amending pleadings and four months before the discovery deadline. *See id.* at 6; 9 at 1, 3; *Uter v. Peacock*, No. CV 04-0279-CB-C, 2005 WL 8158698, at *2 (S.D. Ala. Apr. 28, 2005) (granting leave to add defendant's compulsory counterclaims although defendant allegedly knew "about the existence of these counterclaims since the answer was filed but failed to assert them until the last day for amending the pleadings."). Furthermore, although the Board could have asserted its counterclaims in its Answer, "[t]he mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989), *rev'd on other grounds*, 499 U.S. 530 (1991). Finally, the timing of the Board's motion does not reflect the kind of significant delay that the Eleventh Circuit has previously held warrants preclusion of a party's motion to amend its pleadings. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of motion to amend where motion to amend was filed "more than one year after discovery had ended" and "after dispositive motions had been filed"); *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1176 (11th Cir. 2013), *overruled on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017) (affirming denial of motion to amend where plaintiff "knew of the factual basis for both" claims for over a year

before moving to amend). Accordingly, the court declines to find that the Board unduly delayed in asserting its counterclaims.

Zirnis' second contention is related to undue prejudice. Specifically, Zirnis asserts that allowing the counterclaims would "greatly increase[]" the scope of discovery, which will "work a hardship" on her. Doc. 13 at 6-7. Zirnis also contends that adding the counterclaims would cause her to seek "coverage from available insurance or other source [sic] to defend her," possibly leading to the addition of new counsel and "delay[ing] resolution of the case for months." *Id*. at 7. However, "'undue prejudice' is a lofty threshold. It requires more than a likelihood of incurring additional expense and delay." *Matthews v. Brookstone Stores,* No. CV 05-0369-WS-C, 2006 WL 8438063, at *4 (S.D. Ala. Mar. 27, 2006) (citing *Loggerhead Turtle v. Cty. Council of Volusia Cty., Fla.*, 148 F.3d 1231, 1257 (11th Cir. 1998)). Although the addition of the counterclaims would undoubtedly generate additional expenses for Zirnis, this hardship must be "weigh[ed] against any prejudice to the moving party if amendment were not permitted." *Lockett v. Gen. Fin. Loan Co. of Downtown*, 623 F.2d 1128, 1131 (5th Cir. 1980) (citation omitted).[3] "The argument of allowing amendment is especially compelling when, as here, the omitted counterclaim is compulsory." *Spartan Grain*

---

[3] Under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on courts in the Eleventh Circuit.

*& Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975). Given their compulsory nature, preclusion of the Board's counterclaims would prejudice the Board by preventing it from raising these claims in future litigation. *See Southern Constr. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962) (noting that Rule 13(a) prevents parties from asserting omitted compulsory counterclaims in future litigation).

The court is also not swayed by the contentions of delay because it believes that the remaining time is more than sufficient to conduct discovery on all claims. The parties should proceed with all speed because the court will <u>not</u> grant an extension of the discovery deadline premised generally on the addition of the counterclaims. Moreover, "[t]he lengthy nature of litigation, without any other evidence of prejudice . . . or bad faith . . . does not justify denying . . . the opportunity to amend [a pleading]." *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001). Thus, in light of Rule 15(a)'s liberal standard indicating that "[d]istrict courts . . . should grant a motion to amend 'unless there are substantial reasons to deny' it," the court finds that the Board's proposed counterclaims should be allowed. *See Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1186 (11th Cir. 2014) (quoting *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (alterations to quotation omitted). Therefore, the Board's motion for leave to amend the pleadings, doc. 12, is **GRANTED**. The Board is **DIRECTED** to file its Amended Answer as a separate docket entry.

**DONE** the 17th day of June, 2019.

                                                                 **ABDUL K. KALLON**
                                              UNITED STATES DISTRICT JUDGE